**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  10-10031-CR-MOORE/SIMONTON**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**ALEXIS SANTOS, and
ENILDA SANTOS,**

      **Defendants.**

_____/

**WELINGTON DOS SANTOS SILVA,**

      **Material Witness**

_____/

**ORDER GRANTING, IN PART, MOTION OF
MATERIAL WITNESS FOR ORDER AUTHORIZING DEPOSITION**

      This matter arose upon the Motion of Material Witness for Order Authorizing

Deposition, filed by material witness Welington Dos Santos Silva (DE # 36).  The

Honorable K. Michael Moore, United States District Judge, has referred this matter to the

undersigned United States Magistrate Judge (DE # 34).  Defendant Alexis Santos has

responded in opposition to the Motion (DE # 38).  The Government has responded in

support of the Motion (DE # 41).  Defendant Enilda Santos did not file a written response.

A hearing was held on March 29, 2011.  Counsel for all parties and Defendant Alexis

Santos were present at the hearing.  The Court granted the request by Counsel for

Defendant Enilda Santos for the Court to waive her appearance at the hearing since she

is residing in New Jersey during the pendency of this case.  For the reasons stated

below, the Motion is granted, in part.  A videotaped deposition of witness Welington Dos

Santos Silva shall occur at the office of the United States Attorney on Friday, April 1, 2011, at 10:00 a.m.

I.  **BACKGROUND**

Defendants Alexis Santos and Enilda Santos are charged in a ten-count Indictment with various alien smuggling offenses.  Welington Dos Santos Silva is the alien who is the subject of two substantive counts of the Indictment, which allege respectively, that on or about July 18, 2010, the Defendants knowingly encouraged and induced him to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence is and will be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (Count 2); and that the Defendants did knowingly attempt to bring him to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that he had not received prior official authorization to come to, enter and reside in the United States, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (Count 4).

Mr. Dos Santos Silva was apprehended in July 2010 while attempting to enter the United States unlawfully.  He was charged and convicted of illegal re-entry by a deported alien, and sentenced to time served on October 20, 2010, in Case No. 10-60250-CMA.  On October 25, 2010, he was detained pursuant to 18 U.S.C. § 3144 as a material witness to the crimes of alien smuggling which are charged in the presently pending Indictment in the case at bar.  The Material Witness Complaint was assigned Case No. 10-3469-AMS.

Thereafter, the Indictment was returned against the Santos Defendants on November 12, 2010.  The Defendants were arrested in New Jersey on November 18, 2010 (DE # 4; D.N.J. Case No. 2:10-mj-8309, DE ## 1,5).  On November 23, 2010, the Court entered Commitment Orders which directed the U.S. Marshal's Service to transport the

2

Defendants forthwith to this District to face the charges in the Indictment (D.N.J. Case No. 2:10-mj-8309, DE ## 11, 12).  Defendant Enilda Santos initially appeared in Court in this District on December 30, 2010 (DE # 5).  Defendant Alexis Santos, however, did not initially appear in this District until March 1, 2011 (DE # 28).

After the initial appearance in Court of Mr. Dos Santos Silva on October 28, 2010, there were a series of status conferences held with respect to the deposition of Mr. Dos Santos Silva (10-3469-AMS, DE ## 8, 9, 10, 11, 12, 13, 14, 18, 19 and 20).  However, neither of the Defendants in the case at bar were notified of these status conferences since they were docketed only in connection with the Material Witness Complaint; and, there was no formal Motion or written Order entered, pursuant to Fed. R. Crim. P. 15, which directed the deposition of Mr. Dos Santos Silva to be taken.  Although Mr. Dos Santos Silva was initially held in custody because he could not post the bond set in connection with the Material Witness Complaint, he was ultimately released on a personal surety bond and was taken into custody for immigration proceedings by the INS (DE # 14).  At the hearing, his counsel explained that his release from INS custody was impaired by the existence of the Material Witness Complaint, and that if the Complaint was dismissed he would be released from custody.

At the hearing before the undersigned Magistrate Judge, counsel for both Defendants acknowledged that they were aware of the Government's intention to take the deposition of Mr. Dos Santos Silva in order to preserve his testimony for trial if he were unavailable, and had agreed that they were available for a deposition on March 14, 2010.  Counsel for Defendant Enilda Santos orally notified the Government of Defendant Enilda Santos' objection to the deposition in the absence of a Court Order on more than one occasion:  when initially advised of the intention to take the deposition, when

3

contacted to ascertain an available date for the deposition, and at the commencement of the deposition.  Counsel for Defendant Alexis Santos also lodged this objection at the commencement of the deposition.

At the status conference held in connection with the Material Witness Compalint with respect to Mr. Dos Santos Silva before the duty Magistrate Judge on March 4, 2011 (DE # 19), the minutes reflect that the deposition had been set for March 14, 2011, and a further status conference was set for March 15, 2011.[1]  Although counsel for the Government and counsel for Mr. Dos Santos Silva were both present, and these minutes reflect at least an implicit oral Court order, neither of the Defendants were notified of this status conference and they were not present.

The deposition occurred on March 14, 2011.  Counsel for Defendant Enilda Santos acknowledged that he was afforded a full and fair opportunity to cross-examine Dos Santos Silva, but objected to the use of this deposition since it had not been expressly ordered by the Court and thus was not authorized in accordance with Fed. R. Crim. P. 15. Counsel for Defendant Alexis Santos acknowledged that, with the exception of one area, she had been afforded a full and fair opportunity to cross-examine the witness. However, during the deposition it was revealed that Mr. Dos Santos Silva had been shown a photo line-up which included Defendant Alexis Santos, and which had not been produced prior to the deposition.  Mr. Dos Santos Silva had been unable to identify Mr. Santos in this photo line-up.  Therefore, counsel contended that the deposition needed to be retaken at least with respect to this area.  Counsel for the Government contended

---

[1] There was no transcript prepared with respect to this or any other status conference held in the Material Witness case; therefore, it is not known exactly what transpired at those proceedings.

that this was unnecessary since the witness testified that he had only spoken to Alexis Santos on the telephone, and had never seen Defendant Alexis Santos; and, therefore did not know what he looked like.  When asked at the deposition who certain aliases referred to, however, apparently Mr. Dos Santos Silva pointed to Defendant Alexis Santos, who had previously been identified to him by name by Defendant's counsel at the start of the deposition.

II.   __THE PRESENTLY PENDING MOTION__

In the presently pending motion, Mr. Dos Santos Silva requests the Court to enter an Order, nunc pro tunc, which ratifies the taking of his deposition on March 14, 2011. He asserts that he is being held in INS custody due to the pendency of the Material Witness Complaint, and that the Government has agreed to dismiss the Material Witness Complaint only if the requested Order is entered (DE # 36).

Both Defendants objected to this relief at the hearing, stating that Rule 15 sets forth specific procedures that must be followed before a deposition may be used in lieu of live testimony at trial; and, that the Court cannot enter an Order nunc pro tunc.  As discussed above, Defendant Alexis Santos complained in addition that despite the Government's assurance that all discovery had been provided prior to the deposition, he had not received the photo line-up.[2]

The Government contends that the deposition was taken in accordance with the procedures of Rule 15, although it acknowledges that, consistent with the standard practice in this District, no formal motion was filed to take the deposition and no Order was entered in the criminal case.  The Government asserts that the procedural

---

[2]  At the time of the deposition, the Government's discovery response to Mr. Alexis Santos was not yet due under the terms of the Standing Discovery Order.

deficiency can be cured by the nunc pro tunc Order requested by the Material Witness. The Government contends that the lack of production of the photo line-up did not affect the deposition since the witness never saw Defendant Alexis Santos and never claimed he could identify Defendant Alexis Santos by his physical appearance.

**III.   LEGAL ANALYSIS**

Rule 15 of the Federal Rules of Criminal Procedure governs the use of depositions in criminal proceedings.  There are two ways in which a deposition can be procured.  Rule 15(a)(1) applies when a party to the proceedings seeks to take the deposition of a witness in order to preserve the witness' testimony for trial, and provides, in pertinent part:

> **(1) In General.  A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice.**

The second means for obtaining a deposition occurs when it is requested by a material witness detained under 18 U.S.C. § 3144.  Specifically, Rule 15(a)(2) provides:

> **(2) Detained Material Witness.  A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties.  The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.**

Under this provision, the material witness is not required to establish "exceptional circumstances" as a predicate for a court-ordered deposition.

The provisions of Rule 15 regarding the deposition of a detained material witness dovetails with the statute which authorizes the detention of a material witness, 18 U.S.C. § 3144.  That statute provides for the arrest of a material witness in a criminal proceeding if it is shown that it may be impracticable to secure the presence of the

6

person by subpoena; but, it contains the following proviso:  "No material witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure."

It is clear, however, that merely permitting a deposition to be taken does not constitute a ruling that the deposition will be admissible at trial.  *See United States v. Drogoul*, 1 F.3d 1546, 1554-55 (11th Cir. 1993); *United States v. Lai Fa Chen*, 214 F.R.D. 578, 582 (N.D. Cal. 2003).  Rule 15(f) expressly states that the deposition may be used "as provided by the Federal Rules of Evidence."  Thus, the Government must also show at the time of trial that the deposition is admissible under the Federal Rules of Evidence; and, the Government acknowledges that it must use all reasonable efforts to obtain the live testimony of the witness even though a deposition has been taken.  *See, e.g. United States v. Tirado-Tirado*, 563 F.3d 117 (5th Cir. 2009) (admission of videotaped deposition violated Fed. R. Evid. 804(a)(5) and the Confrontation Clause because Government did not make good faith, reasonable efforts to secure presence of witness at trial); *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 418-21 (5th Cir. 1992), and cases cited therein; *United States v. Mann*, 590 F.2d 361, 366-67 (1st Cir. 1978).

Defendants do not dispute that the Court may properly Order the deposition of Material Witness Dos Santos Silva in the case at bar based upon his Motion.  However, they contend that it is not proper to do so *nunc pro tunc* with respect to the deposition already taken.  There is little authority with respect to the effect of a failure to comply with the procedural mechanisms set forth in Rule 15.  There is some authority to support

7

the proposition that failure to comply with the procedures precludes the use of such a deposition.  *See, e.g., United States v. Rothbart*, 653 F.2d 462, 465 (10th Cir. 1981) (error to admit deposition where no motion was filed, no written notice was provided, no court order entered, no consent by defendant to taking the deposition, no waiver of defendant's right to attend deposition, and government failed to make good faith effort to procure attendance of witness at trial).

In the case at bar, it is clear that the formal procedures set forth in Rule 15 were not followed, and it is also clear that the Government had not fully complied with its discovery obligations under the Standing Discovery Order at the time the deposition was taken.  Even though the failure to disclose the photo lineup may not rise to the level of a *Brady* violation, the Defendant was entitled to use this information during cross-examination.  Moreover, as stated by the parties the prior deposition was brief, lasting approximately 2 hours, and there is ample time to retake this deposition in accordance with the dictates of Rule 15.  Thus, the undersigned does not reach the issue of whether the use of a deposition taken before a Rule 15 motion was made and before entry of a Court Order, would be precluded in all instances; and, where there is no showing of prejudice, the requirements of the Federal Rules of Evidence have been met, and the confrontation clause concerns have been satisfied, it is likely that such a deposition could still be used at trial.  In an abundance of caution, however, in the circumstances of the case at bar, the undersigned has determined that it is appropriate to deny the request for entry of an Order *nunc pro tunc*, but to grant the Motion to the extent that it seeks a deposition so that the Material Witness Complaint can be dismissed, and the witness can be released from custody.

Nothing in this Order should be construed as an opinion regarding the ultimate

**8**

issue of admissibility of this deposition at trial.  Moreover, Government counsel shall ensure that the Defendants are provided with notice of any proceedings regarding the Material Witness Complaint.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that the Motion of Material Witness for Order Authorizing Deposition, filed by witness Welington Dos Santos Silva is **GRANTED, IN PART**.  The deposition shall occur on Friday, April 1, 2011, at 10:00 a.m. in the Office of the United States Attorney, and shall be attended by both Defendants and their counsel. The Government shall procure the attendance of the witness and the incarcerated Defendant, Alexis Santos.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 29, 2011.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore,
        United States District Judge
All counsel of record